STATE OF CONNECTICUT *v.* NINA M.[1]
(AC 28908)

Flynn, C. J., and Beach and McDonald, Js.

---

[1] In accordance with General Statutes § 54-86e, all information that could be used to identify the victim will be kept confidential.

Argued September 11, 2008—officially released February 24, 2009

*Temmy Ann Pieszak*, chief of habeas corpus services, with whom, on the brief, was *James S. McKay*, public defender, for the appellant (defendant).

*Timothy F. Costello*, deputy assistant state's attorney, with whom, on the brief, were *Timothy J. Liston*, state's attorney, and *Maureen Platt Temchin*, senior assistant state's attorney, for the appellee (state).

*Opinion*

MCDONALD, J. The defendant, Nina M., appeals following the issuance of an order of no contact with the victim, imposed following her sentencing for crimes against that victim.

The following facts and procedural history are pertinent to our resolution of the defendant's appeal. The defendant was charged with assault in the second degree in violation of General Statutes § 53a-60 (a) (2), risk of injury to a child in violation of General Statutes

§ 53-21 (a) (2) and sexual assault in the fourth degree in violation of General Statutes § 53a-73a (a) (1) (A). On February 9, 2007, the defendant pleaded guilty under the *Alford* doctrine[2] to these charges, waived her right to a presentence investigation at that time and was sentenced that day. At sentencing, the prosecutor informed the court that at approximately 11 a.m. on July 25, 2006, the police responded to a reported allegation of child abuse. The investigation revealed that the defendant's neighbor had seen the victim, a six year old girl, with bruises on her face and body. The neighbor stated that the victim was being abused by her mother, the defendant, and the defendant's live-in boyfriend. The responding officer went to the defendant's residence, advised the defendant of the allegation and stated that he needed to see the victim. The officer observed bruising on the victim's face. The defendant stated initially that the victim had slipped and hit her head while washing dishes. The officer then spoke with the victim, who appeared upset. The victim stated that the defendant's boyfriend hit her. She also stated that the defendant hit her but that the defendant did not leave any bruises.

The police took the victim to a hospital and advised the defendant that the victim's injuries were not consistent with the defendant's story. At the hospital, a detective took pictures of the victim, which depicted bruising to the victim's eyes, shoulder, back and buttocks. The police also interviewed the defendant while she waited at the hospital for her daughter. The defendant became upset when the police informed her that the victim had stated that the defendant's boyfriend sexually and physically abused the victim. The defendant admitted that she, too, had hit the victim and spanked her with a plastic hanger. The police then told the defendant that they needed to know what had been put inside the

[2] See *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

victim. The defendant stated that she put her finger inside the victim three times in the past month. The defendant stated that she had done so because she thought it felt good to the victim. A physician's examination of the victim was consistent with the defendant's story, revealing hanger shaped bruises and internal vaginal trauma.

In accordance with the defendant's plea agreement, the state recommended an effective sentence of eight years imprisonment, execution suspended after five years, and ten years probation. The state also recommended as conditions of probation that (1) the defendant have no contact with the victim, either in person, through a third person, by mail, by telephone or in any regard, (2) the defendant submit to any evaluation and treatment deemed appropriate by the office of adult probation and (3) the defendant register as a sex offender. After the court accepted the defendant's plea and sentenced the defendant in accordance with the state's recommendation, the state requested that the court issue an order prohibiting the defendant from having any contact with the victim while the defendant was incarcerated. The court granted the state's request.

The defendant did not object to the court's order of no contact at the time it was issued. The defendant on that same day, however, filed a motion to modify the order to allow a final contact upon the termination of the defendant's parental rights and mail contact through the victim's foster parents. The court denied this motion on May 1, 2007. On August 9, 2007, the defendant filed a motion pursuant to Practice Book § 43-22 to correct her sentence and to vacate the no contact order, which the court denied on August 14, 2007.

The defendant claims on appeal that the court's order of no contact with the victim while the defendant was incarcerated was illegal because it was not part of the

plea agreement. The defendant argues that her due process rights were violated when the court issued the no contact order after she had pleaded guilty and relinquished her constitutional right to a trial. At oral argument, the defendant stated that she seeks only to have the order of no contact set aside and otherwise does not seek to set aside the sentence imposed by the court.

We begin with the standard of review. Whether the defendant was deprived of her due process rights is a question of law to which we grant plenary review. See *State* v. *Long*, 268 Conn. 508, 520–21, 847 A.2d 862, cert. denied, 543 U.S. 969, 125 S. Ct. 424, 160 L. Ed. 2d 340 (2004)

Our analysis of the defendant's claim hinges on whether the no contact order was part of or affected the defendant's sentence. See generally *State* v. *Alexander*, 269 Conn. 107, 847 A.2d 970 (2004).

General Statutes § 53a-28 authorizes the sentences that a court may impose following a conviction of an offense. Section 53a-28 authorizes the following sentences: (1) imprisonment; (2) imprisonment with the execution of such sentence suspended, entirely or after a period set by the court; (3) a fine; (4) probation or conditional discharge; (5) unconditional discharge; (6) special parole; or (7) some combinations thereof. Black's Law Dictionary (6th Ed. 1990) defines a sentence as "[t]he judgment formally pronounced by the court or judge upon the defendant after his conviction in a criminal prosecution, imposing the punishment to be inflicted, usually in the form of a fine, incarceration, or probation."

Our Supreme Court has held that not every order issued by a court that restrains a defendant's conduct is part of or affects the defendant's sentence. *State* v. *Alexander*, supra, 269 Conn. 118–19. In *Alexander*, the court held that a criminal restraining order prohibiting

contact with a victim that does not affect the defendant's sentence does not deprive the defendant of her plea bargain notwithstanding that the court issued the order after the defendant relinquished the constitutional right to a trial by pleading guilty and the restraining order was not part of the plea bargain. Id. The court stated that a criminal restraining order issued after the defendant's conviction did not impermissibly add punitive measures to the defendant's sentence in violation of the defendant's plea agreement. Id., 119–20. The court referred to the legislative history of General Statutes § 53a-40e authorizing such orders as showing that the purpose of a criminal restraining order was to protect victims of violent crimes and not to be punitive. *State* v. *Alexander*, supra, 116–18.[3] The court concluded that the criminal restraining order in that case was not punitive in fact because restraining a defendant from contact with the victim served the purpose of protecting the victim and it imposed no additional fine or term of imprisonment. Id., 118.

We conclude that the order in this case is, in purpose and effect, like the criminal restraining order in *Alexander*.[4] In this case, the court stated during the hearing on the motion to vacate the order that the purpose of the order is to protect the victim where the case involved sexual assault of a minor. The court stated that it has some obligation to protect the child victim

---

[3] We note that General Statutes § 53a-40e expressly authorizes such a criminal restraining order when a defendant is convicted of a violation of General Statutes § 53a-60, as was the defendant.

[4] The state in its brief conceded that the no contact order did not contain the language required by General Statutes § 53-40e (c) in criminal restraining orders that the order remain in effect until modified or revoked by the court for good cause and that it set forth the penalties for a violation of the order. The state suggested that we remand this case to add that language. The defendant in her reply brief argued that this is not reviewable and is not properly before us because of prejudicial lack of notice from the state. We adopt the defendant's position and will not consider this suggestion.

who was "still under age . . . ." The court added that "one of the things that the court tries to do in cases such as that is protect the victim from any further harm or damage. . . . I can't imagine . . . any sort of physical harm. But the court also has to contemplate mental harm."

In this case, by its terms, the no contact order does not affect the defendant's probation after her incarceration and restrains the defendant only from contact with the victim and imposes no additional term of imprisonment, fine or other severe restraint on the defendant's liberty. See id. We accordingly conclude that the order did not affect the defendant's sentence, and, therefore, its issuance after the defendant's plea agreement, plea and sentence did not violate the plea agreement. We hold, accordingly, that the order did not deprive the defendant of her rights to due process of law.[5]

The defendant also argues that the order violated her due process rights because the order was not particularized to her, and the court lacked jurisdiction to issue such an order applicable to her while she was in the custody of the department of correction. We find no merit in these arguments.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[5] The defendant argues on appeal that at the sentencing hearing, the court's failure to inquire on the record as to whether the victim, age six, wanted to be heard at sentencing violated General Statutes § 54-91c. Under the circumstances, we find this argument not relevant as to the validity of the order of no contact.